IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFF ANDERSON,

                                              ORDER

                Plaintiff,

                                      09-cv-27-slc[1]

      v.

JOHNATHAN THOMSON,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Jeff Anderson brought this proposed civil action for monetary and injunctive relief pursuant to 17 U.S.C. §§ 106 and 501-505, alleging that defendant Johnathan Thomson violated copyright law by manufacturing and selling products that infringe on plaintiff's artwork, a certain "M:I" or "Mission:Infect" logo.  After defendant failed to submit an answer, plaintiff moved for entry of default and default judgment and asked for the following relief:

•      A "[s]ubpoena of paypal history pertaining to items of the [M:I LOGO] from

---

[1] Although this case is assigned to Magistrate Judge Stephen Crocker, default was entered against defendant before the parties could consent to the magistrate judge's jurisdiction.  Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

[defendant's] personal account";

- An order "requiring [defendant] to provide the screen printing shop contact information that continues printing items of my copyrights"; and

- An order "barring [defendant] from sale of MI logo through paypal."

The clerk entered default against defendant pursuant to Fed. R. Civ. P. 55(a) and a default hearing was held on May 13, 2009.  Plaintiff appeared in person and defendant did not appear.

As plaintiff acknowledged at the hearing, he will have to prove his damages, Fed. R. Civ. P. 55(b)(2)(B); Oberstar v. F.D.I.C., 987 F.2d 494, 505 n.9 (1993), which means his motion for entry of default judgment must be stayed until plaintiff has had an opportunity to gather evidence of his damages for defendant's copyright infringement and present that evidence at a hearing.

As for plaintiff's requests for injunctive relief against defendant, I will grant both of those.  Defendant will be ordered to "provide the screen printing shop contact information that continues printing items of [plaintiff's] copyrights" and enjoined from selling items containing plaintiff's artwork design entitled "M:I LOGO/MISSION INFECT," which plaintiff alleges has been described in an application to the copyright office that has been given the registration number SR 1-81037828.

However, I will deny plaintiff's request for an order issuing a subpoena against

2

PayPal.  Although plaintiff seeks to subpoena PayPal's records for the purpose of gathering evidence to support his claim for damages, seeking an order from the court is not the proper procedure for obtaining a subpoena.  Rule 45 of the Federal Rules of Civil Procedure governs the procedure for issuing a subpoena.   Relevant to plaintiff's request, a subpoena for production of documents or electronically stored information must be issued "from the court for the district where the production . . . is to be made."  Fed. R. Civ. P. 45(a)(2)(C).  Moreover, under Rule 45(b)(2), plaintiff must serve the subpoena upon PayPal within a limited area of the issuing court.

Thus, plaintiff must first determine where PayPal may be served with a subpoena and where it might store the documents or electronically stored information he seeks.  Once he knows this, he will be able to determine which court should issue a subpoena and he may ask the clerk of that court for a blank subpoena form.  Fed. R. Civ. P. 45(a)(3) ("[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it.").  After he receives the blank subpoena, he must fill it out in accordance with Rule 45(a)(1) (form and contents) and then serve it upon PayPal in accordance with Rule 45(b).

Plaintiff's miscellaneous requests, aimed primarily at gathering evidence, bring to light another issue.  Because defendant did not file an answer in this case, plaintiff has not received this court's standard preliminary pretrial conference order, which, among other things, explains the tools a litigant may use to gather evidence during a federal lawsuit.

3

Plaintiff's requests for relief suggest that he would benefit from the standard instructions this court provides pro se litigants.  They are as follows:

"Discovery" is the word used in federal courts to describe how plaintiffs and defendants can learn information and get documents that are useful to deciding this lawsuit. Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure explain how you may get information and documents from the defendants and how the defendants may get information and documents from you. You should read Rules 26 through 37 and 45 now so that you understand how this works, and so that you can begin taking discovery in this case.

The court expects both sides to follow Rules 26 through 37 and 45. You have no right to get information or documents to use in this case except in the way these rules say. For example Rule 26(b) says that you may discover evidence that is relevant to the claims or defenses in this lawsuit. You may not discover evidence that is not relevant. Rule 26(c) protects all parties from discovery requests that are annoying, oppressive, or too expensive or too much time to be worth it in this case. Defendants often object that discovery demands violate Rules 26(b) or 26(c), so it is important to make careful discovery requests that are aimed at getting the information and documents you really need for this lawsuit, and not aimed at getting other information and documents that you don't really need.

Another reason that it is important to make careful discovery requests is because Rule 33(a) says that a party only may serve 25 interrogatories on his opponents. An interrogatory is a written question that you want the defendants to answer under oath. Even if you have lots of questions that you want the defendants to answer so that you can learn information about your claims, you cannot ask more than 25 questions unless the court gives you permission first. This court usually does not give either side permission to ask more than 25 interrogatories. That means you must use your 25 interrogatories to ask the most important questions. Sometimes the defendants do not object to a few extra interrogatories, and this court expects that the defendants and their attorney in their case will be reasonable. But the plaintiff should not count on obtaining answers to more than 25 interrogatories during this lawsuit.

4

Rule 34 allows you to ask the defendant to show you documents that are relevant to this lawsuit, but it does not require the defendants to make free photocopies of these documents for you. The court expects the defendant and his attorney to be reasonable when responding to document production requests. The best way for a plaintiff to obtain quick and complete disclosures from defendant is for the plaintiff to limit his document requests to the documents that he really needs to prepare his claims for summary judgment and for trial.

If the parties disagree about discovery requests, then this court would like them to try to work it out if they can do so quickly, but the court does not require this if it would be a waste of time. If either side thinks that the other side is not doing what it is supposed to do for discovery and they cannot work it out, then either the plaintiff or the defendant quickly should file a motion with the court. If the parties do not bring discovery problems to the court's attention quickly, then they cannot complain that they ran out of time to get information that they needed for summary judgment or for trial.

If a party files a motion to compel discovery, or to protect from discovery, or for some other discovery problem, that party also must submit at the same time his (or her) other documents that show why the court should grant the motion. If your opponent files a discovery motion, you only have seven calendar days to file and to serve your written response. You must have your response in the mail stream at the prison within seven calendar days. The court will not allow a reply brief on a discovery motion unless the court asks for one.

The court does not want the parties to file their discovery material with the court, except to support some other matter in this lawsuit, such as a summary judgment motion. Once a document or a copy of a document is in the court's file, no one has to file another copy, as long as the parties make it clear to the court where the court can find the document in the file. The one kind of discovery material that the parties must file with the court are deposition transcripts, which are due promptly after they are prepared and must be in compressed format.

Plaintiff may have an opportunity to perform discovery in accordance with these rules

5

before he must present his evidence of damages to the court.  Therefore, a hearing on damages will be scheduled for August 19, 2009, at 8:30 a.m.  At that point, plaintiff should be prepared to present admissible evidence regarding the amount of his damages.

ORDER

IT IS ORDERED that

1.  Plaintiff Jeff Anderson's motion for entry of default judgment is STAYED pending a hearing on damages.

2.  Plaintiff's request for injunctive relief against defendant is GRANTED; defendant must provide the screen printing shop contact information that continues printing items of plaintiff's copyrights and is enjoined from selling items bearing plaintiff's artwork design entitled "M:I LOGO/MISSION INFECT," described in a copyright application given the registration number SR 1-81037828.

3.  A hearing will be held on Wednesday, August 19, 2009 at 8:30 a.m. at which

plaintiff may present evidence of the amount of his damages.

Entered this 14th day of May, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

7