IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFF ANDERSON,

                                                         ORDER

                Plaintiff,

                                                         09-cv-27-bbc[1]

     v.

JOHNATHAN THOMSON,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is an action for monetary and injunctive relief brought by plaintiff Jeff Anderson under 17 U.S.C. §§ 106 and 501-05. Plaintiff alleged that defendant Johnathan Thomson had violated copyright law by manufacturing and selling products using plaintiff's artwork, a certain "M:I" or "Mission:Infect" logo. When defendant failed to answer the complaint or enter an appearance in the case, default was entered against him on May 14, 2009. At the same time, the court entered an injunction against defendant, enjoining him from continuing to print items using plaintiff's copyrighted artwork and selling designs.

---

[1] I am continuing to preside over this case, which was assigned to Magistrate Judge Stephen Crocker, because the parties did not consent to his exercising jurisdiction before default was entered.

1

A hearing was held on August 27, 2009, on plaintiff's request for money damages. Plaintiff appeared at the hearing, pro se. Defendant made no appearance, either in person or by counsel. Plaintiff presented evidence of his net proceeds from sales of items bearing his copyrighted artwork for November and December of 2007 and for January and February 2008. His monthly proceeds varied from $2,732 in November to $1,139 in January. After defendant started selling competing items with the copyrighted artwork in February, plaintiff's sales for that month fell to $742; after then, he had no sales at all. It seems reasonable to assume that without illegal competition from defendant, plaintiff would have had average sales in the amount of $2000 a month, or $38,000 for the nineteen months from January 21, 2008 until August 31, 2009.

Plaintiff has asked for an award of prejudgment interest. The Court of Appeals for the Seventh Circuit has held that such an award is appropriate when a finding of willfulness as been made. McRoberts Software, Inc. v. Media 100, Inc., 329 F.3d 557, 572 -73 (7th Cir. 2003). The court explained:

> In Gorenstein, however, we affirmed an award of prejudgment interest for a trademark infringement, noting that prejudgment interest was properly awarded for a wide variety of federal law violations. 874 F.2d at 436. We decided in that case that such interest was necessary to make the plaintiff whole and discourage delay by the defendant in making reparations. Id. The rule we articulated in Gorenstein was broad and we have consistently applied the presumption in favor of prejudgment interest for willful violations of federal law in the years since.

2

No finding of willfulness has been made in this case because plaintiff has not presented evidence that he advised defendant of his copyright or that defendant otherwise knew of it. Therefore, I will deny the request for an award of prejudgment interest. Plaintiff will be entitled to postjudgment interest, as a matter of law. He is not entitled to an award of attorney fees because he has not been represented by counsel in these proceedings.

If, as plaintiff alleged at the hearing, defendant continues to ignore the injunction in this case entered on May 14, 2009 or the order of impoundment that I am entering today, plaintiff is free to seek an order of contempt from this court. If plaintiff does not expect to be able to serve defendant within this state or within 100 miles of this court, as required under Fed. R. Civ. P. 4(*l*), he may consider registering the judgment in another district in which he expects to be able to comply with Rule 4(*l*). 28 U.S.C. § 1963 (judgment in action for recovery or money or property may be registered in any other district and treated as if it were judgment of second court).

ORDER

IT IS ORDERED that plaintiff Jeff Anderson is AWARDED damages in the amount of $38,000 for lost sales from January 31, 2008 through August 27, 2009.

FURTHER, IT IS ORDERED that defendant Johnathan Thomson is to deliver to plaintiff for impoundment all merchandise bearing artwork covered by the copyright SR-1-

3

81037828 in defendant's possession or control and deliver for destruction all copies of the artwork and all plates, molds and other materials used for making infringing copies of the artwork.

The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 27th day of August, 2009.

                        BY THE COURT:

                        /s/

                        BARBARA B. CRABB
                        District Judge